AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**DISTRICT OF** Massachusetts

UNITED STATES OF AMERICA

V.

Stanley L. Mims
32 Palmer Street, 2nd Floor
Springfield, MA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 04mj684

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about January 7, 2004 in Hampden county, in the Springfield District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

1. Knowingly possess with intent to distribute cocaine and marijuana
2. Knowingly possess with intent to distribute cocaine and marijuana within 1,000 feet of a school
3. Conspire to distribute cocaine and marijuana

in violation of Title 21; United States Code, Section(s) 841(a)(1); 846; 860

I further state that I am a(n) ATF Task Force Agent and that this complaint is based on the following
Official Title
facts:

Please see attached affidavit.

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 15, 2004 at Springfield, Massachusetts
Date                                    City and State

Kenneth P. Neiman, U.S. M.J.               _____
Name & Title of Judicial Officer            Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**Affidavit of ATF Task Force Agent Sean Condon**

I, Sean Condon, being duly sworn, hereby state the following:

1. I am a Task Force Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), United States Department of Justice, and have been a Task Force Agent since January of 2003. I am employed as a police officer in the City of Springfield, Massachusetts. I have been a police officer in Springfield, Massachusetts from 1997 until the present time. I have been assigned to the Uniform Squad, Community Policing Division, and I am currently assigned to the Detective Bureau. I have been assigned to the Detective Bureau since November of 2002. I have been involved in numerous investigations for crimes such as violations of the state and federal firearm laws, violation of state and federal controlled substance laws, in addition to crimes such as homicides, serious assaults, and armed robberies. I have taken part in more than one hundred illegal gun cases over the past seven years. I have also investigated numerous drug crimes, including the distribution of illegal narcotics. I have participated in cases which have resulted in convictions in Massachusetts District and Superior Courts, and the United States District Court (District of Massachusetts). I am a graduate of the Massachusetts Criminal Justice Council's Basic Police Academy and have completed formal ATF courses in federal

1

firearms laws and firearms trafficking. I have recently received training that covered "Characteristics of the Armed Defendant" from the ATF. I have also received specialized training in the investigation of controlled substance offenses, including surveillance techniques, narcotics recognition, authoring and executing search warrants, and working with confidential informants. Over the past five years I have participated in more than 300 drug arrests, and participated in approximately 50 search warrants (state and federal) that targeted drugs and firearms.

As a member of the ATF Task Force, I am responsible for investigating and enforcing the federal firearms laws relating to Title 18 United States Code, to include offenses within the Gun Control Act (GTA) of 1968 and the National Firearms Act (NFA).

2. This affidavit does not contain all the information I possess about this investigation, but is submitted only as a basis for probable cause to believe Godfrey Tandow ("Tandow") and Stanley Mims ("Mims") did (1) unlawfully possess with the intent to distribute a controlled substance (cocaine and marijuana) in violation of Title 21, United States Code, Section 841(a)(1); and (2) unlawfully possess with the intent to distribute a controlled substance (cocaine and marijuana) near a school, in violation of Title 21, United States Code, Section 860; (3) conspire to distribute a controlled substance (cocaine and

marijuana) in violation of Title 21, United States Code, Section 846. In addition, Tandow did (1) unlawfully possess a firearm in violation of Title 18, United States Code, Section 922(g)(3); and, (2) unlawfully use a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

3. The information contained in this affidavit is based on my personal involvement in this investigation, my review of the available reports, my training and experience, and information provided to me by other law enforcement officers.

4. On January 7, 2004, at 8:00 p.m., two Springfield Police Officers, Officers VanZandt and Goggin, responded to 23 Carlisle Street for a report of domestic violence. When the officers approached the front door to 23 Carlisle Street, they encountered a young woman. This unidentified female told the officers that she had heard a loud argument coming from the third floor apartment. The officers then entered the house and proceeded up the common stairway.

5. When the officers approached the third floor, they heard unidentified individuals, at least two males, having a conversation. The officers immediately recognized the conversation to be drug related, as they heard the voices say, "No, that's only 12 grams. Make it 15. Take more seeds out of the weed and wrap the coke in this." The officers went back to

the first floor to call for assistance. Less than a minute after calling for assistance, the officers heard the suspects coming down the stairs. The officers heard one of the suspects state, "We're going to make some money tonight."

6.   The officers then observed three individuals - later identified as Godfrey Tandow, Stanley Mimms, and Rodney Davis - walking down the stairs to the first floor. Upon observing the officers, Tandow, immediately reached into his waistband as if he was grasping an object, and ran back up the stairs. From the manner in which Tandow grabbed his waistband, Officer VanZandt believed Tandow was reaching for a firearm. VanZandt chased Tandow, and stopped him as he attempted to enter the third floor apartment. Tandow struggled with VanZandt, and continued to reach for his waistband. VanZandt withdrew his service revolver and repeatedly ordered Tandow to place his hands in the air. Tandow finally raised his hands and stated, "I have a gun." VanZandt recovered a .45 caliber, semiautomatic handgun[1] from Tandow's waistband. The gun was ready to fire - the safety was off, there was a bullet in the chamber and three additional rounds of ammunition in the magazine. VanZandt also retrieved 43 bags[2] of crack cocaine, one bag of marijuana, and $214.00 from

---

[1] The firearm was stolen from Eastham, Massachusetts in 1998. ATF has determined that the firearm and ammunition were manufactured outside the state of Massachusetts.

[2] The 43 bags weighed more than 5 grams.

4

Tandow's front pocket.

7.   VanZandt immediately alerted Officer Goggin that he had recovered a firearm and drugs from Tandow. Goggin, the lone officer in the hallway with Mimms and Davis, pat-frisked Mimms and Davis for weapons. Goggin retrieved a bag of marijuana from Mimms' pocket and arrested him. Police later found seven bags of crack cocaine and $175.00 in Mimms' jacket pocket.[3] Rodney Davis did not possess any contraband.

8.   Springfield Police officers, while conducting a protective sweep of the apartment on the third floor, observed an open cigar box on a bed in the rear bedroom. The box contained several large rocks of crack cocaine (total weight close to 20 grams), a digital scale with a white residue, two razor blades, a cell phone, and numerous small plastic bags consistent with the type used for packaging cocaine. The total weight of the cocaine, believed to be cocaine base, recovered from Tandow, Mimms, and the cigar box was approximately 35 grams. The officers recovered Godfrey Tandow's passport next to the cigar box. Tandow later admitted to staying in the apartment with his girlfriend. The Homer Elementary School is within 1000' of 23 Carlisle Street.

9.   Based on my training and experience, the following factors indicate Tandow and Mims intended to resell the cocaine and marijuana:

---

[3] The 7 bags weighed more than 5 grams.

5

a.   the weight of the drugs;

b.   the packaging of the drugs;

c.   the scale;

d.   the presence of a larger amount of drugs in the apartment;

e.   the plastic bags found with the drugs in the cigar box are commonly used to package drugs;

f.   the Defendants' statements concerning the packaging of drugs and that they were going to make money, indicated they were conspiring to distribute the drugs; and

g.   the possession of the loaded firearm (drug dealers often unlawfully possess firearms to protect their drug transactions).

10. Based on the foregoing, I believe that probable cause exists to conclude that Godfrey Tandow and Stanley Mims did (1) unlawfully possess with the intent to distribute a controlled substance (cocaine and marijuana) in violation of Title 21, United States Code, Section 841(a)(1); and (2) unlawfully possess with the intent to distribute a controlled substance (cocaine and marijuana) near a school, in violation of Title 21, United States Code, Section 860; (3) conspire to distribute a controlled substance (cocaine and marijuana) in violation of Title 21, United States Code, Section 846. In addition, Tandow did (1) unlawfully possess a firearm in violation of Title 18,

United States Code, Section 922(g)(3); and, (2) unlawfully use a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

_____
Sean Condon
Task Force Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me this 15th day of December 2004.

_____
KENNETH P. NEIMAN
UNITED STATES MAGISTRATE JUDGE